IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DENNIS PAUL ROBBINS, JR.,

        Plaintiff,

    vs.

JOHNSON COUNTY, et al.,

        Defendants.

CIVIL ACTION
No. 08-3180-SAC

**MEMORANDUM AND ORDER**

This matter is a civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff proceeds pro se, and the court grants leave to proceed in forma pauperis.[1]

**Background**

Plaintiff was convicted in the District Court of Johnson County, Kansas, of one count of unlawful manufacturing of

---

[1] Plaintiff is advised that he remains obligated to pay the balance of the statutory filing fee of $350.00 in this action. The Finance Office of the facility where he is incarcerated will be directed by a copy of this order to collect from plaintiff's account and pay to the clerk of the court twenty percent (20%) of the prior month's income each time the amount in plaintiff's account exceeds ten dollars ($10.00) until the filing fee has been paid in full. Plaintiff is directed to cooperate fully with his custodian in authorizing disbursements to satisfy the filing fee, including providing any written authorization required by the custodian or any future custodian to disburse funds from his account.

methamphetamine and other charges. He successfully appealed his durational departure sentence of 72 months, *State v. Robbins*, 166 P.3d 1987, 2007 WL 2695838 (Kan. App. 2007), and was resentenced. It appears he was released upon the expiration of his sentence on July 11, 2008.[2]

Plaintiff then commenced this action, seeking unspecified relief for the erroneous sentence and the stress and anguish of his confinement.

Plaintiff's amended complaint names as the sole defendant "Defendant Johnson County, Kansas is a citizen of Johnson County, Kansas, and is employed as District Attorney's Office" (Doc. 5, p. 1.) The court liberally construes the complaint to name the District Attorney's Office as the defendant.

The sentencing decision is a judicial act for which a trial judge is entitled to absolute immunity from an action for monetary damages. *See Stump v. Sparkman*, 435 U.S. 349, 360 (1978)(explaining an act is "judicial" if it is ordinarily performed by a judge and the parties deal with the judge in that person's judicial capacity).

This immunity applies even if the judge imposes a sentence in excess of jurisdiction. *See, e.g., Sadoski v. Mosley*, 435

---

[2] *See attached* Kansas Adult Supervised Population Electronic Repository (KASPER) records.

F.3d 1076, 1079 (9th Cir.), *cert. denied*, 126 S.Ct. 2864 (2006).

In *Sadoski*, the sentencing judge realized that Sadoski's criminal sentence was based upon incomplete information and resentenced her to a longer term of incarceration after she had begun serving the sentence. After the state supreme court reversed the decision, the trial court reinstated Sadoski's original sentence, and she was released from incarceration. She then commenced a civil action under 42 U.S.C. § 1983.

The federal district court concluded the sentencing judge was entitled to absolute immunity. Sadoski appealed, and the U.S. Court of Appeals for the Ninth Circuit affirmed the decision of the district court, stating: "'[if a criminal judge should sentence a party convicted to a greater punishment than that authorized by the law upon its proper construction, no personal liability to civil action for such acts would attach to the judge, although those acts would be in excess of his jurisdiction....'" *Sadoski*, 435 F.3d at 1079, (quoting *Bradley v. Fisher*, 80 U.S. (13 Wall.) 335, 352 (1871)).

Likewise, a prosecutor acting within the scope of his duties has absolute immunity from suit under § 1983. *Imbler v. Pachtman,* 424 U.S. 409, 424 (1976). While this protection does not extend to a prosecutor's acts that are investigative or administrative, they include those acts that are directly

3

related to the prosecutor's role as an advocate. *Snell v. Tunnell*, 920 F.2d 673, 693 (10th Cir. 1990). Here, plaintiff's claim that "[t]he District Attorney's office had [him] sentenced illegally" (Doc. 5, p. 4), concerns acts directly related to the advocacy role. Therefore, the defendant is entitled to prosecutorial immunity.

IT IS, THEREFORE, BY THE COURT ORDERED plaintiff's motions for leave to proceed in forma pauperis (Docs. 2 and 4) are granted. Plaintiff will be required to submit the filing fee in payments calculated according to 28 U.S.C. § 1915(b)(2).

IT IS FURTHER ORDERED this matter is dismissed for failure to state a claim upon which relief may be granted.

A copy of this order shall be transmitted to the plaintiff.

**IT IS SO ORDERED.**

Dated at Topeka, Kansas, this 28th day of June, 2011.

    S/ Sam A. Crow
    SAM A. CROW
    United States Senior District Judge